### Ex Parte Alex Freedman.

No. 2981.    Decided December 20, 1904.

**Habeas Corpus—Constitutional Law—Corporation Courts.**

The corporation court act does not violate the Constitution in taking some of the jurisdiction of a justice of the peace court, and has been declared to be constitutional in Ex Parte Wilbarger, 41 Texas Crim. Rep., 514.

Appeal from the District Court of Navarro. Tried below before Hon. L. B. Cobb.

Appeal from an order remanding relator, who was a county convict, to custody on proceeding by habeas corpus.

The relator was prosecuted in the Corporation Court of Corsicana for violating the Sunday law; the prosecution being in the name of the State, for violating the penal law of the State. Relator was convicted and appealed to the county court, and was again convicted in said court and copies pro fine issued upon said judgment of the county court, by which process he was held when he sued out a writ of habeas corpus before the district court; contending that the judgment of the county court is void because the justice court alone has exclusive jurisdiction to try all misdemeanors, where the fine imposed does not exceed $200; and the corporation court had no jurisdiction to try relator, and the appeal conferred no jurisdiction on the county court.

Relator contends that the law under which he was prosecuted is unconstitutional. The prosecution in the corporation court arose prior to any special charter granted the city of Corsicana—said court being duly and legally organized under the corporation court act, and the date of the prosecution being May 5, 1902.

*W. W. Ballew & Callicutt & Call,* for relator.—Judicial power distributed by the Constitution is beyond legislative control. The people have the right to the courts established by and under the Constitution, and this right the Legislature can not alter, nor abridge. Constitutional courts can not be changed by legislation. People v. Albertson, 55 N. Y., 50; Hovey v. Noble, 4 L. R. A., 101; Harris v. Vanderveer, 21 N. J. Eq., 424; Hutkoff v. Demorest, 103 N. Y., 377; State v. Gannaway, 16 Lea, 124; Landers v. Staten Isl. R. R. Co., 53 N. Y., 450; Re Application of Senate, 10 Minn., 78; Re Senate Bill No. 76, 9 Col., 623; Titus v. Latimer, 5 Texas, 433; Bigby v. Tyler, 44 Texas, 351; Holmes v. State, 44 Texas, 631; Coombs v. State, 44 S. W. Rep., 854; 47 S. W., 163; Ex parte Towles, 48 Texas, 413; Williamson v. Lane, 52 Texas, 335; Ex parte Whitlow, 59 Texas, 273; Gibson v. Templeton, 62 Texas, 555; Leach v. State, 36 Texas Crim. Rep., 248; Ginnochio case, 30 Texas Crim. App., 584; Ex parte Knox, 39 S. W. Rep., 670; Ex parte Wickson, 47 S. W. Rep., 643; Crowley v. Dallas, 44 S. W. Rep., 865; Ballard v. Dallas, 44 S. W. Rep., 864; Ex parte Fagg, 44 S. W. Rep., 294. Authorities cited in cases cited. The Constitution can not be evaded by a change in the name of the office, nor in the name of the officer, nor can the office be divided, and the jurisdiction distributed between other tribunals, and the duties divided and assigned to two or more under different names. Hovey v. Noble, 4 L. R. A., 101; People v. Albertson, 55 N. Y., 57; Warner v. People, 2 Denio., 272; People v. Draper, 15 N. Y., 552; State v. Brunst, 26 Wis., 412; King v. Hunter, 65 N. Car., 603; 6 Amer. Rep., 754. Cases cited above.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an appeal in a habeas corpus proceeding from the district court of Navarro County. The only question

involved in this application is the constitutionality of the corporation court act. Among other things it is seriously contended that said act is unconstitutional because it is an infringement of the Constitution in taking some of the jurisdiction of a justice of the peace court. The question here presented was thoroughly discused in Ex parte Wilbarger, 41 Texas Crim. Rep., 514; and it was there held that the corporation court act was constitutional. In accordance therewith the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.